# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT WAGNER and SHAWNNA WAGNER, on behalf of their minor son, BRANDON WAGNER,<br><br>Plaintiffs,<br><br>v.<br><br>NEBRASKA SCHOOL ACTIVITIES ASSOCIATION,<br><br>Defendant. | CASE NO. 8:15CV343<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Dismiss (Filing No. 8). Plaintiffs have submitted no brief in opposition to the Motion.

On September 17, 2015, the Plaintiffs filed a Verified Petition for Temporary Restraining Order (Filing No. 1), asking this Court to enjoin the Defendant from preventing Brandon Wagner ("Brandon") from playing in the Omaha Central High School Homecoming football game on September 17, 2015. In the Petition, the Plaintiffs noted that Brandon was ejected from an Omaha Central High School football game on September 11, 2015, and was suspended from the following game, due to a block he executed on an opposing player during an interception play. (*Id*. at 4.) The Plaintiffs' Petition also asked the Court to declare the Defendant's rules, regulations, and bylaws unconstitutional under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and permanently enjoin the Defendant from enforcing its rules.

This Court conducted an evidentiary hearing on September 17, 2015, applying the standards prescribed in *Dataphase Sys., Inc. v. C. L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.

1981)(en banc), and denied the Plaintiffs' request for preliminary injunctive relief.[1]  In the pending Motion to Dismiss, the Defendant argues that the Plaintiffs' claims regarding the September 17, 2015, game are moot and fail to state a claim on which relief can be granted; the Plaintiffs lack standing to pursue their other claims, which are also claims on which no relief can be granted; and Plaintiffs have failed to join an indispensable party, *i.e.*, Omaha Public Schools.

The Court has reviewed the content of the Plaintiffs' Petition, applying the principles prescribed by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).[2]  To the extent the Plaintiffs' claims are not moot, the Court concludes that the Plaintiffs have failed to state claims on which relief may be granted.[3]  The Petition will be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] At the hearing, the Defendant represented that Brandon struck the opposing player with an unauthorized, dangerous block, injuring the opponent and causing him to be transported to a hospital by ambulance.  Defendant also represented that Brandon stood over the injured opponent after executing the block, and taunted him with vulgar language.

[2] "Two working principles underlie . . . *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . .  be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

[3] Plaintiffs fail to present any facts to support a claim based on an alleged violation of the Equal Protection Clause.  With respect to the Due Process Clause, Plaintiffs' allegations are also inadequate.  See *In re U.S. Ex. Rel. Missouri State High Sch. Activities Ass'n*, 682 F.2d 147, 153 n.8 (8th Cir. 1982)("'a student's interest in participating in a single year of interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement.'")(quoting *Walsh v. Louisiana High Sch. Athletic Ass'n*, 616 F.2d 152, 159-60 (5th Cir. 1980), *cert. denied*, 449 U.S. 1124 (1981)); *Brands v. Sheldon C'mty School*, 671 F. Supp. 627, 630-31 (N.D. Ia. 1987) (High school athlete was not deprived a liberty or property when school declared him ineligible for high school wrestling team, so procedural due process rights did not apply).

Accordingly,

IT IS ORDERED:

1. Defendant's Motion to Dismiss (Filing No. 8) is granted;

2. The Plaintiffs' Verified Petition for Temporary Restraining Order and the claims presented therein are dismissed, with prejudice; and

3. A separate Judgment will be entered.

DATED this 23rd day of November, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge